CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 1 0 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES A. CHARLTON, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:05-CV-00353 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GEORGE M. MCMILLAN, | ) | By: Hon. Jackson L. Kiser |
|     Defendants. | ) | Senior United States District Judge |

Plaintiff James A. Charlton, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Charlton alleges that the defendant failed to provide him with adequate medical care in violation of the Eighth Amendment. Upon review of the record, I conclude that the plaintiff has not stated a claim upon which relief can be granted. Therefore, I dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

I.     **Allegations and Claims**

In his complaint, Charlton alleges that on or about March 20, 2005, while working in the prison kitchen, he slipped and fell. He claims that as a result of the fall he was knocked unconscious. He further claims that when he regained consciousness he could not move his neck or left leg. He was immediately examined by a Nurse, whom he claims was rude and unprofessional. However, he then admits that he was taken directly to the Roanoke Memorial Hospital Emergency Room where he was examined by Dr. Kerry A. Powell. Charlton admits that

1

Dr. Powell ordered x-rays to determine the extent of his injuries. The x-ray revealed Charlton suffered from a swollen nerve in his lower back and a concussion. He prescribed Percocet, a pain reliever, and prednisone, told Charlton to use either crutches or a wheelchair when moving, and then released Charlton from the hospital.

On his return to the Roanoke City Jail Charlton was placed in a single cell and on bed rest. The prison doctor also prescribed a pain reliever, Motrin. On March 23, 2005 Charlton was transferred to the Mechlenburg Correctional Center where he remained for one night. He was thereafter transferred to the Deep Meadows Correctional Center where he currently remains incarcerated. Charlton makes no claims of ongoing discomfort or pain as a result of his alleged injuries.

## II. Analysis

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988).

In his complaint Charlton has only named Sheriff McMillian as a defendant. However even if Charlton was given the opportunity to amend his complaint to name other defendants, all his claims would still be dismissed as he has failed to make any allegation of fact which if true would amount to a Constitutional violation.

2

### A. Nurse Examination

To the extent that Charlton alleges that the nurse who examined him following his slip and fall denied him adequate medical care in violation of the Eighth Amendment by becoming rude and unprofessional, it must fail.

In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to evince that the defendant had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also, Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). "'A serious medical need' is 'one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Shelton v. Angelone, 183 F.Supp.2d 830, 840 (W.D.Va. 2002) (quoting Cox v. District of Columbia, 834 F.Supp. 439, 441 (D.D.C. 1992). A claim regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment generally does not state a cognizable constitutional claim under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Moreover, claims of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). Mere malpractice or negligence in treatment does not amount to a claim of constitutional significance. Estelle, 429 U.S. at 105-06.

In his complaint, Charlton admits that immediately after the nurse's examination he was transferred to the Roanoke Memorial Hospital Emergency Room. As indicated by his claims, Charlton does not allege that he did not receive any treatment at all. Rather, he complains that the

3

nurse attempted to determine if he was faking his injuries prior to recommending his transfer to the Emergency Room. As Charlton was transferred to the hospital and did receive prompt medical care, his complaints regarding the nurse's injury assessment technique amounts to nothing more than a disagreement between medical staff and inmate as to a proper course or time of treatment.

Additionally, to the extent that Charlton believes that the nurse failed to recognize or treat his medical needs, such disagreement does not rise to the level of a federal constitutional violation. Rather, such a claim would arise, if at all, under state medical malpractice laws and does not present a colorable claim under § 1983. See Estelle, supra, at 105-106.

As such, I find that Charlton has failed to state a viable § 1983 claim against the nurse who examined him prior to his transfer. Accordingly, I find that these allegations must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### C. Prison Doctor

To the extent that Charlton raises a claim against the prison doctor who examined him on his return to the jail, it too must fail. As noted above, to establish an Eighth Amendment claim plaintiff must present facts to evince that the defendant had actual knowledge of and disregard for an objectively serious medical need. Farmer, 511 U.S. 825 (1994). Again, Charlton does not complain that he did not receive any medical attention, rather he disagrees with the prison physician's treatment plan.

Charlton admits that on his return to the jail he was placed in a single cell and put on bed rest. Although he complains that the doctor removed his wheel chair, it is apparent that because Charlton

4

was to remain in bed, he no longer needed such equipment. Additionally, Charlton complains that the prison physician merely prescribed him Motrin as a pain reliever rather than the Percocet which was prescribed by Dr. Powell during the Emergency Room evaluation. Again, as Charlton was promptly treated and prescribed pain medication by the prison physician, his claim amounts to no more than a disagreement between two medical professionals as to which pain medication should be prescribed.

Additionally, to the extent that Charlton believes that the doctor failed to recognize or treat his medical needs, such disagreement does not rise to the level of a federal constitutional violation. Rather, such a claim would arise, if at all, under state medical malpractice laws and does not present a colorable claim under § 1983. See Estelle, supra, at 105-106.

As such, I find that Charlton has failed to state a viable § 1983 claim against the prison physician. Accordingly, I find that these allegations must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### C. Sheriff McMillan

Charlton makes no specific allegations against Sheriff McMillan in his complaint. However, to the extent that he attempts to assign liability to McMillan based on his supervisory capacity, it must fail.

Supervisory liability requires a showing that the supervisory defendant failed to promptly provide an inmate with needed medical care, the supervisory defendant deliberately interfered with the prison doctor's performance, or that the supervisory defendant tacitly authorized or was indifferent to the prison physician's constitutional violations. Miltier v. Beorn, 896 F.2d 848, 854

(4th Cir. 1990). In the face of constitutional violations, the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practice. Slakan v. Porter, 737 f.2d 368, 373 (4thCir. 1984). However, supervisory officials are entitled to rely on the medical judgments made by prison physicians. Miltier, 896 F.2d 854-855.

As noted previously, Charlton received prompt and thorough medical attention following his slip and fall. Accordingly, it is clear that McMillan did not interfere with the doctor's treatment. Furthermore, Charlton has not presented any evidence to suggest that McMillan should not have relied on the medical opinion and course of treatment prescribed by the prison physician. Therefore, his reliance on such a treatment program and on such opinions in determining if a prison transfer is medically acceptable does not amount to a constitutional violation. Accordingly, I find that these allegations must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### D. State Law Claims

Because I find that plaintiff cannot go forward on any of his federal claims, I will decline to exercise supplemental jurisdiction over the state law claims raised in his complaint. See 28 U.S.C. 1367(c). I will dismiss all such claims without prejudice.

### III. Conclusion

Based on the foregoing, I find that Charlton has not presented any claims that constitute a violation of his constitutional rights. Therefore, I dismiss the complaint without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

**ENTER**: This _____ day of June, 2005.

/s/ Jackson L. Kiser
Senior United States District Judge